SMITH, The L. P. See Case No. 13,191.

SMITH, The WILEY. See Case No. 17,657.

SMITHERS (UNITED STATES v.). See Case No. 16,347.

SMOCK (UNITED STATES v.). See Case No. 16,348.

## Case No. 13,132.

### SMOOT v. BELL.

[3 Cranch, C. C. 343.] [1]

Circuit Court, District of Columbia. Nov. Term, 1828.

GUARDIAN—RIGHT OF WARD TO CHOOSE—ACCOUNTING.

1. A guardian, appointed by the orphans' court, continues until the infant arrives at full age; and he has not a right, at the age of fourteen, to choose another.

2. A guardian, appointed in Alexandria, who was also appointed by the orphans' court in Pennsylvania, and gave bond there, is not bound to account in Alexandria, for money of his ward received in Pennsylvania.

This was an appeal from the sentence of the orphans' court in Alexandria, ordering the former guardian, George H. Smoot, to pay over to the new guardian, Gideon Bell, chosen by the ward after the age of fourteen, money which Smoot had received in Pennsylvania under letters of guardianship taken out there, upon his giving bond and security to account there.

Mr. Taylor for the appellant. The orphans' court in Alexandria has only the same powers which the orphans' court of Maryland has; and in the case of Mauro v. Ritchie [Case No. 9,312], in Washington, at May term, 1822, this court decided that the orphans' court cannot appoint a new guardian upon the election of the ward at his age of fourteen; so that Mr. Bell is not guardian, and has no right to call Mr. Smoot to account.

Mr. Hewitt, contra, cited Toler, 134, which cites a case from Sergeant and Rawle; and contended that as Mr. Smoot had voluntarily charged himself with the money in his account with the orphans' court here, he is bound to account for it here.

CRANCH, Chief Judge, delivered the opinion of the court (nem. con.), as follows:

In this case it is admitted that Mr. Smoot was duly appointed by the orphans' court, guardian of the infant before his age of fourteen years. This appointment must have been made under the power given to that court by the Maryland law, which was in force on the 27th of February, 1801, when the orphans' courts of this district were erected. By that law of Maryland, the guardian appointed by the orphans' court is appointed until the infant arrive at the age of twenty-one, and the infant has no right, at the age of fourteen, to choose another. This point was decided by this court at Washington, in the case of Mauro v. Ritchie [supra], about eighteen months ago. Mr. Smoot, therefore, still remains guardian, and Mr. Bell has no authority to call him to account.

The next question is, whether Mr. Smoot is bound to account to the orphans' court here for the funds which he received in Pennsyl-

[1] [Reported by Hon. William Cranch, Chief Judge.]

vania under his appointment there under the laws of Pennsylvania, and which he there bound himself to account for in the courts of Pennsylvania. We think he is not bound to account to the orphans' court here for that fund, although, under a mistake of his obligation, he may have given credit for it in his first account with that court. In his second account he is credited with that fund, as having been improperly charged with it in his former account. In his third account he is again charged with it by the orphans' court, and is required to pay over the balance to Mr. Bell; from which order he, Mr. Smoot, has appealed to this court.

We therefore think that the sentence of the orphans' court ought to be reversed, with costs.